IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| DAVID NEIL ADKINS, | Cause No. CV 10-8-GF-SEH-RKS |
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATIONS |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | OF U.S. MAGISTRATE JUDGE |
| Respondent. | |

On February 8, 2010, Petitioner David Adkins filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He paid the $5.00 filing fee but also moved to proceed in forma pauperis. Petitioner is a state prisoner proceeding pro se.

I. Motion to Proceed In Forma Pauperis

Petitioner's motion and supporting account statement sufficiently

show that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted. Petitioner is not entitled to a refund of the filing fee.

II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

III. Background

In April 2006, Petitioner was on probation and subject to random searches at any time. The Central Montana Drug Task Force received a tip that he was involved with a methamphetamine distribution ring and kept a small amount of the drug at his residence. Confronted with this information, Petitioner said he had drugs and paraphernalia in his

basement. The items were seized. State v. Adkins, 204 P.3d 1, 3 ¶ 2 (Mont. 2009); id. at 7 ¶ 29.

Counsel moved to suppress Petitioner's statements under Miranda v. Arizona, 384 U.S. 436 (1966), but the motion was dismissed as untimely. Adkins, 204 P.3d at 4 ¶ 6. A jury convicted Petitioner of felony possession of dangerous drugs and misdemeanor possession of paraphernalia. Pet. (doc. 1) at 2-3 ¶¶ 1-6.

Petitioner appealed. On March 10, 2009, the Montana Supreme Court affirmed his conviction. Adkins, 204 P.3d at 7 ¶ 31.

IV. Petitioner's Allegations

Petitioner asks that his conviction be overturned because statements obtained in violation of Miranda were used against him at trial and because, due to counsel's error, he did not receive a hearing on this claim in state court. See Pet. at 4-7 ¶¶ 15A-D. Petitioner also complains that he was held in custody for eleven days before he was charged with a crime. Id. at 7 ¶ 15E.

V. Analysis

    A. Applicable Legal Standards

ORDER AND FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 3

Petitioner may obtain relief only if the Montana Supreme Court's denial of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if its denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Additionally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A COA is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

B. Discussion

The Montana Supreme Court reasonably denied Petitioner's Miranda claim. The underlying facts were uncontested. Petitioner was a probationer, subject to search at any time. Police had a tip against him and arrived at his residence prepared to search it. The drugs and paraphernalia were admissible at trial under the inevitable discovery doctrine. Adkins, 204 P.3d at 7 ¶ 29. This decision is fully consistent with the United States Supreme Court's precedents. E.g., Samson v. California, 547 U.S. 843, 846 (2006); United States v. Knights, 534 U.S. 112, 121 (2001); Nix v. Williams, 467 U.S. 431, 448 (1984). For the same reasons, had counsel filed a timely motion to suppress, it would have been denied.

When the petition was filed, Petitioner was no longer in pretrial custody, and he suffers no collateral consequences from that custody. Habeas relief is not available on that claim. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). His custody is now based on a lawful conviction and sentence. A state prisoner has no federal right to credit for time served, so there is no potential nexus with Petitioner's current

custody. Therefore, Petitioner is not entitled to relief on his last claim, Pet. at 7 ¶ 15E.

Petitioner can show neither a due process violation nor ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). His claims should be denied because they lack support in federal law. There is no reason to encourage further proceedings. A certificate of appealability should also be denied.

Based on the foregoing, the Court enters the following:

### ORDER

Petitioner's motion to proceed in forma pauperis (doc. 1-1) is GRANTED.

The Court also enters the following:

### RECOMMENDATIONS

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of March, 2010.

       /s/ Keith Strong
       Keith Strong
       United States Magistrate Judge